**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BLUE RIBBON COMMODITY | : | CIVIL ACTION |
| TRADERS, INC. | : | |
| | : | |
| v. | : | |
| | : | NO. 07-4036 |
| SUPERMERCADOS MR. SPECIAL, INC. | : | |

**MEMORANDUM AND ORDER**

Baylson, J.                                                                April 22, 2008

**I.      Introduction**

Plaintiff, Blue Ribbon Commodity Traders, Inc. ("Blue Ribbon" or "Plaintiff") has filed a Complaint alleging that the Defendant, Supermercados Mr. Special, Inc. ("Mr. Special" or "Defendant") failed to pay $340,382.12 for chicken products that it had ordered and received from Plaintiff.  Mr. Special has moved to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, improper venue.  (See Doc. No. 6).

**II.     Factual Background and Procedural History**

On September 26, 2007, Blue Ribbon filed its Complaint in this case.  The Complaint itself is quite short and in fact only contains eight sentences.  Blue Ribbon asserts that Mr. Special owes Blue Ribbon $340,382.12 for chicken products that were ordered, delivered, and accepted between May 15, 2005 and September 6, 2006.  Blue Ribbon contends that the price is fair and reasonable, that it has repeatedly requested payment from Mr. Special, but that Mr. Special has failed and otherwise refused to pay.  Mr. Special moved to dismiss for lack of

personal jurisdiction on November 14, 2007 (Doc. No. 6), and Blue Ribbon responded on December 12, 2007 (Doc. No. 10).

III.   **Parties' Contentions Regarding Personal Jurisdiction**

   A.   **Defendant**

Mr. Special contends that it has not had any contacts with Pennsylvania and certainly has not had sufficient contacts to establish grounds for personal jurisdiction.  Mr. Special first argues that Blue Ribbon has not alleged "continuous and systematic" contacts in order to support a finding of general jurisdiction.  Mr. Special then asserts that this Court could not exercise specific jurisdiction over it because none of the "operative events with respect to this cause of action" took place in Pennsylvania and because Blue Ribbon has not pled facts that establish specific jurisdiction.

Mr. Special submits an affidavit from Ernesto Quinones-Martin, the executive vice president of Mr. Special, in which Mr. Quinones-Martin attests to the absence of many of the typical contacts with a forum state that lead to a finding of personal jurisdiction.  For example, Mr. Quinones-Martin states that Mr. Special is incorporated in Puerto Rico; that it does not sell goods, services, or products in Pennsylvania; that it does not advertise in Pennsylvania; that it has not owned any investments, securities, real property or personal property located in Pennsylvania; and that it does not have any employees, agents or servants in Pennsylvania.

   B.   **Plaintiff**

Blue Ribbon responds by arguing that Mr. Special in fact has contacts with Pennsylvania sufficient to support a finding of either general or specific jurisdiction.  Blue Ribbon submits an affidavit from James J. Costello, a one-third shareholder as well as a director and Vice President

of Blue Ribbon, in which Mr. Costello attests to several facts that Blue Ribbon contends support this Court's exercise of personal jurisdiction over Mr. Special.  For example, Mr. Costello states that the Defendant placed "numerous" purchase orders for food products with Blue Ribbon's Pennsylvania office; that Blue Ribbon sent the Defendant invoices from Pennsylvania; that the Defendant sent twenty-eight checks to Blue Ribbon's Pennsylvania office to pay for prior shipments of food products; that Blue Ribbon shipped food products to the Defendant from Pennsylvania; and that the "only event" that occurred in Puerto Rico was the Defendant's receipt of food products from Blue Ribbon.

Blue Ribbon also argues that this Court can exercise personal jurisdiction pursuant to the "tort-out, harm in" doctrine, whereby an act or omission outside Pennsylvania that causes harm in Pennsylvania can form the basis for a finding of personal jurisdiction.  Under this theory, Blue Ribbon contends that even if Mr. Special's activity took place outside of Pennsylvania, it caused harm within Pennsylvania, namely to Blue Ribbon.

## IV.     Hearing

Because of the disputed facts, the Court will hold a hearing on May 6, 2008 at 10:00 a.m. in Courtroom 3A to receive evidence, as well as oral argument, to consider the following:

1)      Whether the parties entered into a contract, and if so, its terms and how the contract was formed;

2)      Whether the parties had any meetings or other communications or transactions in Pennsylvania;

3)      Any course of conduct prior to or after the alleged agreement;

4)      How Mr. Special made payments, who received the payments, and how often the

-3-

payments were made;

     5)     Whether Mr. Special has conducted any other business in Pennsylvania; and

     6)     Whether the tort-out / harm-in theory applies to contract actions.


               BY THE COURT:

               s/Michael M. Baylson

               _____

               Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\07-4036 Blue Ribbon v. Supermercados\Blue Ribbon v. Supermercados - Memo Hearing.wpd