IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIBBON COMMODITY TRADERS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-4036 |
| SUPERMERCADOS MR. SPECIAL, INC. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                                                    **June 18, 2008**

I.   **Introduction**

Plaintiff, Blue Ribbon Commodity Traders, Inc. ("Blue Ribbon" or "Plaintiff"), has filed this breach of contract action against Supermercados Mr. Special, Inc. ("Mr. Special" or "Defendant"), a Puerto Rico corporation. Mr. Special has moved to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, *forum non conveniens*. (See Doc. No. 6). On June 3, 2008, the Court held a hearing to receive evidence, as well as oral argument, on whether the Court exercises personal jurisdiction over the Defendant. For the reasons discussed below, this Court denies Mr. Special's motion to dismiss.

II.  **Factual Background and Procedural History**

On September 26, 2007, Blue Ribbon filed its Complaint in this case. The Complaint itself is quite short and in fact only contains eight sentences. Although Blue Ribbon does not cite a specific cause of action, its claim sounds in breach of contract, that Mr. Special owes Blue Ribbon $340,382.12 for chicken products that were ordered, delivered, and accepted between May 15, 2005 and September 6, 2006. Blue Ribbon contends that the price is fair and

reasonable, that it has repeatedly requested payment from Mr. Special, but that Mr. Special has failed and otherwise refused to pay.  Mr. Special moved to dismiss on November 14, 2007 (Doc. No. 6), and Blue Ribbon responded on December 12, 2007 (Doc. No. 9).  Both parties introduced evidence into the record at the June 3, 2008 hearing and submitted letter briefs to the Court following that hearing, as discussed in greater detail below.

**III.     Parties' Contentions Regarding Personal Jurisdiction**

    **A.     Defendant**

Mr. Special contends that it has not had any contacts with Pennsylvania and certainly has not had sufficient contacts to establish grounds for personal jurisdiction.  Mr. Special first argues that Blue Ribbon has not alleged "continuous and systematic" contacts in order to support a finding of general jurisdiction.  Mr. Special then asserts that this Court could not exercise specific jurisdiction over it because none of the "operative events with respect to this cause of action" took place in Pennsylvania and because Blue Ribbon has not pled facts that establish specific jurisdiction.

Mr. Special submits an affidavit from Ernesto Quinones-Martin, the executive vice president of Mr. Special, in which Mr. Quinones-Martin attests to the absence of many of the typical contacts with a forum state that lead to a finding of personal jurisdiction.  For example, Mr. Quinones-Martin states that Mr. Special is incorporated in Puerto Rico; that it does not sell goods, services, or products in Pennsylvania; that it does not advertise in Pennsylvania; that it has not owned any investments, securities, real property or personal property located in Pennsylvania; and that it does not have any employees, agents or servants in Pennsylvania.

At the June 3, 2008 hearing, Mr. Special argued that its relevant contacts were actually

with Blue Ribbon's agent in Florida, Mr. Henry Gonzales, as opposed to with Blue Ribbon's headquarters, located in Pennsylvania.  Mr. Special also contends, in its post-hearing letter brief, that the character and location of negotiations between the parties, the terms of the sales agreement, and the type of goods sold all weigh against a finding of personal jurisdiction.

In the alternative, Mr. Special argues that the present action must be dismissed on the basis of *forum non conveniens* because the Eastern District of Pennsylvania is an inconvenient forum.  According to Mr. Special, Puerto Rico is an adequate alternative forum and the public and private factors in the *forum non conveniens* analysis, discussed below, weigh in favor of dismissal.

**B.     Plaintiff**

Blue Ribbon responds by arguing that Mr. Special in fact has contacts with Pennsylvania sufficient to support a finding of either general or specific jurisdiction.  James J. Costello, a one-third shareholder as well as a director and Vice President of Blue Ribbon, testified at the June 3, 2008 hearing as to several facts that Blue Ribbon contends support this Court's exercise of personal jurisdiction over Mr. Special.  For example, Mr. Costello testified that the Defendant placed approximately twenty-eight purchase orders for food products with Blue Ribbon's Pennsylvania office; that Blue Ribbon sent the Defendant invoices from Pennsylvania; that the Defendant sent twenty-eight checks to Blue Ribbon's Pennsylvania office to pay for prior shipments of food products; and that Blue Ribbon shipped food products to the Defendant from Pennsylvania.  Blue Ribbon introduced documents that support Mr. Costello's testimony.

Mr. Costello also testified that Mr. Special applied for credit from Blue Ribbon's Pennsylvania headquarters in May of 2002 and counsel submitted to the Court a copy of Mr.

Special's credit application. Blue Ribbon's post-hearing letter brief emphasizes the jurisdictional facts entered into the record at the hearing, and argues that Mr. Special has reached out beyond its state to create a continuous relationship and set of obligations with Blue Ribbon in Pennsylvania, subjecting it to personal jurisdiction in Pennsylvania.

Blue Ribbon argues in the alternative that this Court can exercise personal jurisdiction pursuant to the "tort-out, harm in" doctrine, whereby an act or omission outside Pennsylvania that causes harm in Pennsylvania can form the basis for a finding of personal jurisdiction. Under this theory, Blue Ribbon contends that even if Mr. Special's activity took place outside of Pennsylvania, it caused harm within Pennsylvania, namely to Blue Ribbon.

## IV.     Relevant Legal Standards

### A.     Personal Jurisdiction

Federal Rule of Civil Procedure 4(e) allows a district court to assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits. See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 5322(b).

Due process requires that the defendant have "minimum contacts" with the forum state, and that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of

conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d. 92 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). When determining whether personal jurisdiction exists, the court must resolve the question based on the circumstances that the particular case presents. Burger King, 471 U.S. at 485.

A court may exercise personal jurisdiction based on a defendant's general or specific contacts with the forum. General jurisdiction is based upon the defendant's "continuous and systematic contacts" with the forum. General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). Specific jurisdiction is appropriate only if the "plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably expect being haled into court' in that forum." Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 (3d Cir. 1996) (quoting Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)). Specific jurisdiction is established where the defendant "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate[] to' those activities." BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quoting Burger King, 471 U.S. at 472)).

To find that a plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state, the Third Circuit requires "a closer and more direct causal connection than that provided by the but-for test." O'Connor, 2007 WL 2135274, at *7. However, the required

causal connection is looser than the tort concept of proximate causation.  Id. (citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 99-100 (3d. Cir 2004).  The appropriate analysis is fact-intensive, focusing on the "reciprocity principle upon which specific jurisdiction rests" – whether the defendant received the benefits and protections of a state's laws to the extent that it should, as a quid pro quo, submit to the burden of litigation in the state.  O'Connor, 2007 WL 2135274, at *7.

In deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the allegations of the complaint are taken as true.  However, once a jurisdictional defense is raised, the plaintiff bears the burden of proving, through affidavits, or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction.  See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996), cert. denied, 519 U.S. 1028, 117 S. Ct. 583, 136 L. Ed .2d 513 (1996)).  The plaintiff must establish those contacts with reasonable particularity.  See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1996).  Once the plaintiff makes out a *prima facie* case in favor of personal jurisdiction, the burden shifts to the defendant to establish that the presence of some other considerations would render jurisdiction unreasonable.  See Carteret Sav. Bank v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992).

In the context of an out-of-state corporate purchase of goods from a Pennsylvania vendor, Judge Pollak identified four factors to consider in the personal jurisdiction analysis:  "(1) the character of the pre-contract negotiations; (2) the locations of those negotiations; (3) the terms of the sales agreement; and (4) the type of goods sold."  Strick Corp. v. A. J. F. Warehouse Distributors, Inc., 532 F.Supp. 951, 958 (1982).

B.     *Forum Non Conveniens*

A district court may, at its discretion, dismiss a case on the basis of *forum non conveniens*. The Supreme Court has described *forum non conveniens* as "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." American Dredging Co. v. Miller, 510 U.S. 443, 453 (1994). "When an alternative forum has jurisdiction to hear the case, and when trial in the plaintiff's chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." Windt v. Qwest Communications Intern., Inc., --- F.3d ----, 2008 WL 2345151 at *3 (3d Cir. June 10, 2008) (quoting Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)).

The Supreme Court has set forth several factors for courts to consider in assessing the convenience of the forum. See Windt, 2008 WL 2345151 at *4 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)). The factors related to the private interests of the parties include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil, 330 U.S. at 508. The public interest factors include "administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in 'having the trial of a diversity case in a forum that is at home with the state law that must govern the case'; the avoidance of

unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Windt, 2008 WL 2345151 at *4 (citing Gulf Oil, 330 U.S. at 508-09.)

For the most part, in federal courts, the traditional common-law doctrine of *forum non-conveniens* has continued application only in cases where the alternative forum is abroad. See American Dredging, 510 U.S. at 449 n.2. Congress codified the doctrine of *forum non conveniens* at 28 U.S.C. §§ 1404(a) and 1406(a), which enable federal courts to transfer a case to a venue that is more convenient for trial. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 127 S.Ct. 1184, 1190-91 (2007). "It is settled that the defendant bears the burden of persuasion as to all the elements of the *forum non conveniens* analysis." Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43-44 (3d Cir. 1988).

### III. Discussion

#### A. Personal Jurisdiction

As discussed above, a court exercises personal jurisdiction over a defendant because of its general or specific contacts with the forum. Blue Ribbon has the burden of "proving, through affidavits, or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction" over Mr. Special. Dayhoff, 86 F.3d at 1302. A finding of general jurisdiction requires "continuous and systematic contacts" with the forum state, and Blue Ribbon has not illustrated that Mr. Special's contacts are sufficient for this Court to exercise general jurisdiction over Mr. Special.

As to specific jurisdiction, although this is a close case, the Court concludes, applying the Strick standards, that Blue Ribbon met its burden of proof through the testimony and other

evidence it presented at the June 3, 2008 hearing.[1]  According to Mr. Costello's testimony and the corresponding documents entered into the record, Mr. Special submitted to Blue Ribbon, in May 2002, a credit application that began the parties' formal business relationship.  Blue Ribbon extended credit to Mr. Special and began sending Mr. Special product in late 2002.  Prior to each of twenty-eight shipments, Mr. Special sent a purchase order to Blue Ribbon in Pennsylvania, and following each shipment, Mr. Special sent a payment to Blue Ribbon in Pennsylvania.  The seven sample purchase orders submitted to the Court requested different amounts of different food products, (Pl.'s Ex. 2) and each of the twenty-eight payments on file (Pl.'s Ex. 1) was for a different dollar amount.  These continuous contacts indicate that Mr. Special availed itself of the benefits and protections of Pennsylvania law over the course of its four years of dealing with Blue Ribbon and give rise to the Court's exercise of personal jurisdiction.[2]

There is no evidence that Mr. Special traveled to Pennsylvania; however the absence of its "physical" presence in the state does not end the inquiry.  Burger King, 471 U.S. at 462.  In determining whether specific jurisdiction exists, the Court considers not only the purchase orders which form the basis of the present dispute, but also "the terms of the contract and the parties' actual course of dealing."  Id. at 479.  Mr. Special's twenty-eight purchase orders over the course

---

[1] Some of the documents that Blue Ribbon submitted to the record at the hearing had been previously submitted as attachments to an affidavit from Mr. Costello in support of Blue Ribbon's Opposition to Mr. Special's Motion to Dismiss.  See Doc. No. 9.

[2] Blue Ribbon mistakenly argues that its contacts with Mr. Special in Puerto Rico, such as its sending of invoices and food products to Puerto Rico, constitute contacts relevant for the personal jurisdiction analysis.  While Blue Ribbon's contacts with Puerto Rico may help illustrate its ongoing relationship with Mr. Special, the contacts themselves are not relevant to the personal jurisdiction analysis and do not factor into the Court's decision.  See Hanson v. Denckla, 357 U.S. 235, 253 (1958).

of approximately four years, and corresponding payments totaling $856,179.26, are sufficient to indicate Mr. Special's purposeful availment of Pennsylvania. Although sending a few purchases orders into a forum state does not, by itself, necessarily form the basis for personal jurisdiction, see Freedom Forge Corp. v. Jersey Forging Works, Inc., 549 F. Supp. 99, 101 (M.D. Pa. 1982), sending a significant number of purchase orders can indeed provide such a basis. See, e.g., Pan Ocean Trade & Invest Co. v. Super Time Intern. Corp., 1995 WL 31613, at *2 (E.D. Pa. Jan. 26, 1995) (exercising personal jurisdiction over a non-forum defendant who placed ten purchase orders with resident plaintiff).

By applying for credit from Blue Ribbon and then ordering food products from Blue Ribbon over the course of four years, Mr. Special qualifies as an entity which "reach[ed] out beyond one state and create[d] continuous relationships and obligations with citizens of another state." Burger King, 471 U.S. at 473 (quoting Travelers Health Assn. v. Virginia, 339 U.S. 643, 648 (1950)). It therefore has availed itself of the privilege of conducting business in Pennsylvania, and must submit to the burden of litigation here as well.

In its post-hearing letter brief, Defendant relies to a large extent on Dee Paper Co. v. Springfield Elec. Specialties, Inc., 1987 WL 8838 (E.D. Pa. Mar. 31, 1987), and contrary to Blue Ribbon's assertion, Dee Paper has not been superceded but relies on Strick and remains good, persuasive authority. Dee Paper considers a situation somewhat similar to the present facts and finds personal jurisdiction lacking; however, the result in Dee Paper is based in part on the absence of an ongoing and substantial relationship between the parties. Dee Paper, 1987 WL 8838, at *3. In contrast, the parties to the instant action indeed had an ongoing, substantial relationship. Dee Paper does not address exactly how long the plaintiff and defendant in that

case had been doing business nor how many purchase orders were placed. However, the parties to the present action had a substantial course of dealing for a four-year period, whereby Mr. Special ordered and paid for specific food products from Blue Ribbon in Pennsylvania at least twenty-eight times. Furthermore, Mr. Special's credit application, which indeed resulted in Mr. Special obtaining credit from Blue Ribbon, is a relevant contact, and there was no such application or comparable contact in <u>Dee Paper</u>.

The fact remains that between December of 2002 and December of 2004, Mr. Special sent twenty-eight purchase orders for specific food products to Blue Ribbon in Pennsylvania and made corresponding payments, totaling $856,179.26 in transactions. Moreover, Mr. Special submitted a credit application to Blue Ribbon in May of 2002. Such contacts are sufficient for this Court to exercise personal jurisdiction over Mr. Special.[3]

At the June 3, 2008 hearing, upon cross-examination, Mr. Costello explained that some of Mr. Special's dealings were with an agent of Blue Ribbon, Henry Gonzales, located in Florida. However, Mr. Special's interaction with Mr. Gonzales in Florida does not negate its interaction with Blue Ribbon headquarters in Pennsylvania. Mr. Special has had the minimum contacts with Pennsylvania necessary to put it on notice of the possibility of being subject to litigation in Pennsylvania, and the Court therefore exercises personal jurisdiction over Mr. Special.

---

[3] Blue Ribbon also argues in the alternative that even if Mr. Special did not have sufficient contacts with the state of Pennsylvania to support a finding of specific personal jurisdiction, its actions caused harm within Pennsylvania, and thus create the basis for personal jurisdiction pursuant to the Tort-Out, Harm-In provision of Pennsylvania's long-arm statute. <u>See</u> 42 PA. CONS. STAT. ANN. § 5322(a)(4); <u>Pennzoil Products Co. v. Colelli & Assoc., Inc.</u>, 149 F.3d 197, 201 (3d Cir. 1998). Blue Ribbon has not specified any tort that it alleges Mr. Special committed, and it is clear that Blue Ribbon's allegations do not sound in tort. Blue Ribbon did not provide support for its Tort-Out, Harm-In argument at the June 3, 2008 hearing.

B.	*Forum Non Conveniens*

Mr. Special argues, in the alternative, that the Court should dismiss the instant case under the *forum non conveniens* doctrine, which, as discussed above, enables a court to dismiss or transfer a case to a venue the Court finds to be more appropriate.  Defendant has not met its burden of persuading the Court that this is one of "those rare cases where the doctrine should be applied."  Gulf Oil Corp. v. Gilbert, 330 U.S. at 509.  Specifically, Defendant has not illustrated how this Court's exercise of jurisdiction would "establish . . . oppressiveness and vexation to [the] [D]efendant . . . out of all proportion to [P]laintiff's convenience," or how the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems. . .".  Windt, 2008 WL 2345151 at *3.  Instead, Defendant argues that Puerto Rico is an adequate alternative forum and that a series of factors weighs in favor of dismissing the case.  As an initial matter, in weighing the public and private factors at issue, discussed above, Defendant relies on factual statements that it did not support at the June 3, 2008 hearing.  For example, in arguing for dismissal pursuant to *forum non conveniens*, Defendant contends that "[t]he entire controversy involves events occurring in Puerto Rico."  However, Defendant did not support such a statement when given the opportunity.

Further, Defendant does not overcome its heavy burden of showing overwhelming hardship and ignores the rarity of dismissal pursuant to *forum non conveniens* generally, see Lacey v. Cessna Aircraft, 862 F.2d 38, 46 (3d Cir. 1988), as well as the rarity of invoking the doctrine when there is no foreign party, see Sinochem, 127 S.Ct. at 1190 ("The common-law doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad and perhaps in rare instances where a state or territorial court

serves litigational convenience best.") (internal citations omitted).[4]  Finally, Defendant has not rebutted the "strong presumption in favor of the plaintiff's choice of forum."  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981).

Defendant has therefore not met its burden to show how the Eastern District of Pennsylvania is so inconvenient that dismissal is required, and the Court will deny its Motion to Dismiss for *forum non conveniens*.

## IV.     Conclusion

For the reasons stated above, the Court denies Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative *Forum Non Conveniens*.  An appropriate order follows.

---

[4] When the parties are domestic, the doctrine of *forum non conveniens* has been replaced, for the most part, by the venue transfer provisions, 28 U.S.C. §§ 1404(a) and 1406(a), as discussed above.  Under the traditional doctrine of *forum non conveniens*, a case could not be transferred but could only be dismissed without prejudice.  United States v. Nat. City Lines, 334 U.S. 573, 591 (1948).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIBBON COMMODITY TRADERS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-4036 |
| SUPERMERCADOS MR. SPECIAL, INC. | : | |

**ORDER**

And NOW, this  18th  day of June, 2008, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction or in the Alternative *Forum Non Conveniens* (Doc. No. 6) is DENIED.

BY THE COURT:

 /s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.

A:\07-4036 Memo and Order Post-Hearing.wpd

-14-